# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **RUSSELL PINKHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO.: 1:07-CV-174** |
| | ) | |
| | ) | |
| **GENERAL PRODUCTS CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Defendant's Motion to Compel Plaintiff's Responses to Its First Set of Interrogatories and Requests for Production of Documents" filed November 30, 2007. (Docket # 18).

The Defendant also filed a separate certification (Docket # 19) under Local Rule 37.1(c) that cryptically recites various dates when counsel supposedly conducted, within the meaning of the rule, a "conference" about the Plaintiff's allegedly overdue discovery responses. Of course, upon reading the motion, it immediately becomes apparent why the certification is devoid of additional details; the so-called conference was nothing more than the exchange of a few letters. *See* Mtn. Ex. B-F. Accordingly, the threshold issue is whether this is enough of a conference under Local Rule 37.1(a) such that the motion should be granted.

## DISCUSSION

Local Rule 37.1(a) provides that the certification Fed. R. Civ. P. 37(a)(2)(B) requires "shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference . . . and the names of all persons participating therein." L.R.

37.1(a). The certification is to be filed contemporaneously with the motion. Local Rule 37.1(c).

As the Local Rule clearly implies, a good faith effort to resolve a discovery dispute under Fed. R. Civ. P. 37(a)(2)(B) "requires that counsel converse, confer, compare views, consult and deliberate." *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) (stating that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer). The requirement to meet-and-confer must be taken seriously, because "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *See Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003)).

Here, it is immediately apparent that the Defendant's motion should be denied because no good faith "certification" was filed, as Local Rule 37.1 informs the term. Stated another way, the five letters filed as exhibits are, standing alone, insufficient to suggest that they amount to a conference or that a real conference would be futile. *Williams*, 192 F.R.D. at 700.

## CONCLUSION

Since the Defendant has failed to comply with Local Rule 37.1, the Motion to Compel (Docket # 18) is DENIED. The motion can be renewed, if necessary, after counsel conduct a conference, or the Defendant shows that a conference was attempted.

Enter: December 3, 2007

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
